NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3714

_____

UNITED STATES OF AMERICA

v.

WILLIAM OSCAR HARRIS,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-03-cr-00354-001)
District Judge: Honorable Jerome B. Simandle

_____

Submitted February 5, 2019
Before: HARDIMAN, SCIRICA, RENDELL, *Circuit Judges*.

(Opinion Filed:  February 13, 2019)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

William Oscar Harris appeals an order of the District Court establishing the date he purged his civil contempt. His counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and Harris has not submitted a pro se brief. We will grant counsel's motion and affirm the District Court's order.

## I[1]

This is not the first time we have addressed Harris's civil contempt for sending "bogus financial documents that purported to create liens and judgments against the judges and prosecutors involved in [his] underlying prosecution." *United States v. Harris*, 582 F.3d 512, 513 (3d Cir. 2009). We previously affirmed the contempt order, noting Harris had continued to send such documents following the District Court's order to stop. *Id.* at 513–14. In 2015, Harris filed a "Notice of Purgation" in which he promised to cease the proscribed conduct. App. 105–09. But he purported to backdate that purgation, all the way to the day the Court ordered him to stand committed for contempt (April 27, 2004). App. 107–08. Following a hearing, which featured testimony by a recipient of Harris's filings, the District Court determined Harris had "ceased his contumacious

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 401 and 3231. We have jurisdiction under 28 U.S.C. § 1291.

2

conduct and thereby purged his contempt on June 1, 2012." App. 23. This appeal timely followed.

## II

We examine an *Anders* motion to determine whether (1) counsel has "adequately fulfilled" the requirements of Local Appellate Rule 109.2(a); and (2) "an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Those requirements include satisfying the court "that counsel has thoroughly examined the record in search of appealable issues" and explaining why the issues are frivolous. *Id.* Here, counsel identifies four potential issues and argues each is frivolous. We agree.

The first potential issue counsel identifies is the District Court's refusal to appoint new counsel. Harris had so moved after his counsel sent a letter responding to the Court's request for the parties' positions on the purgation date. That letter stated counsel could find no basis to argue Harris purged his contempt before our 2009 decision. That decision foreclosed Harris's desired argument for an earlier purgation date, which leaves no nonfrivolous issue with the District Court's refusal to appoint new counsel.

The second potential issue is the District Court's refusal to "strike" counsel's letter about the purgation date upon Harris's motion. We likewise find no nonfrivolous issue with that refusal.

The third potential issue involves the District Court's rulings at the evidentiary hearing on Harris's Notice of Purgation. Like counsel, we find no nonfrivolous issue with the hearing.

The last potential issue is the District Court's factual findings following the hearing—in particular the purgation's effective date. But the Court found Harris's claimed date, April 27, 2004, unbelievable. Its own 2008 hearing, App. 95–103, and our 2009 decision confirmed Harris continued "to do what he [was] doing" well past 2004, *Harris*, 582 F.3d at 520. And Harris's testimony about the date he signed the notice and his inability to file prohibited documents from prison proved false. Instead, the Court reasonably credited testimony that his conduct continued into 2012. If anything, its determination that Harris ceased his contemptuous behavior in June 2012 was charitable. And any argument challenging these findings would be frivolous because of their ample support.

\*     \*     \*

Counsel's brief satisfies the *Anders* requirements, and our independent review of the record confirms there are no nonfrivolous issues for appeal. So we will grant counsel's motion and affirm the judgment of the District Court. Because the issues presented lack legal merit, counsel is not required to file a petition for writ of certiorari with the Supreme Court of the United States under Local Appellate Rule 109.2(c).

4